UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE M. H. MEYERSON & CO., INC. SECURITIES LITIGATION. | Case No. 02-CV-2724 (JAG)/(GDH)<br><br>**CLOSED** |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

Laurence Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
236 Tillou Road
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399

Lead Counsel for Plaintiffs

This matter came before the Court for hearing pursuant to the Order of this Court, dated January 3, 2005, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of November 29, 2004 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. For purposes of settlement only, the Class as defined in ¶1.4 of the Stipulation and in the Order Preliminarily Approving Settlement and Providing for Notice, satisfies the applicable prerequisites for class treatment under Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

4. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, the class action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Representative Plaintiffs and the other Members of the Class, and as against the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to the Representative Plaintiffs, the Class and each of the

Class Members, in light of the complexity, expense and possible duration of further litigation, the discovery and investigation conducted, and the risk and difficulty of establishing liability, causation and damages. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Representative Plaintiffs, the Class Members, and the Defendants. Accordingly, the settlement embodied in the Stipulation is hereby approved and shall be consummated in accordance with the terms and provisions of the Stipulation.

6.       Upon the Effective Date hereof, the Representative Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release.

7.       Upon the Effective Date, all Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

8.       Upon the Effective Date hereto, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and Representative Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

9.       The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice

provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10. Any plan of allocation submitted by Plaintiffs' Settlement Counsel or any order entered regarding the attorneys' fees application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

11. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Counsel for Plaintiffs and the other members of the Class are hereby awarded 33⅓% of the Gross Settlement Fund as and for their attorneys' fees, which sum the Court finds to be fair and reasonable, and $~~400,000.00~~ 16,728.07, in reimbursement of all expenses which shall be paid to Plaintiffs Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same rate that the Settlement Amount

3

earns. The award of attorneys' fees shall be allocated among Plaintiffs Counsel in a fashion that, in the opinion of Plaintiffs Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

13. In setting the foregoing counsel fee, as a percentage of the common fund recovery obtained for the Class herein, this Court has considered the following factors set forth in *In re Rite Aid Corp. Sec. Lit.*, 396 F.3d 294 (3d Cir. 2005): (1) the size of the fund created and the number of persons benefited; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

IT IS SO ORDERED.

DATED: April 4th, 2005

_____
THE HONORABLE JOSEPH A. GREENAWAY, JR.
UNITED STATES DISTRICT JUDGE